IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMMY ANTONIO DAWSON | § | |
| (TDCJ No. 681033), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-759-M-BN |
| | § | |
| 291ST JUDICIAL DISTRICT COURT | § | |
| OF DALLAS CO., TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Timmy A. Dawson, a Texas inmate and frequent litigant, has filed a *pro se* Rule 60B Motion Challenging the Integrity of the State Courts [Dkt. No. 2], in which he requests that this federal court intervene in a state proceeding concerning his motion for post-conviction DNA testing. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should construe this action as seeking mandamus relief and summarily dismiss it with prejudice.

**Applicable Background**

In 1994, Dawson was convicted in state court of murder and was sentenced to 99 years of imprisonment. *See State of Texas v. Timmy A. Dawson*, No. F-94-40449-HU

(291st Dist. Ct., Dallas Cty., Tex. May 25, 1994). His conviction and sentence were affirmed on direct appeal. *See Dawson v. State,* No. 05-94-00891-CR, 1998 WL 289774 (Tex. App. – Dallas June 5, 1998, pet. refused).

Dawson filed multiple state applications for writ of habeas corpus. As this Court already has recounted, "[t]he Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed." *Dawson v. Quarterman*, No. 3:06-cv-1190-B, 2006 WL 2724018, at *1 (N.D. Tex. Sept. 20, 2006). This Court denied Dawson's first federal habeas corpus petition on the merits. *See Dawson v. Johnson*, No. 3:99-cv-1984-T, Dkt. Nos. 13, 15, 16 (N.D. Tex. Oct. 19, 2000). And multiple subsequent federal habeas petitions were all found to be successive and either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit.

Dawson now appears to seek federal-court intervention in a state proceeding, to require that the state court conduct a hearing on his request for post-conviction DNA testing. *See* Dkt. No. 2.

## Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

Applicable here, an action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Liberally construed, the relief that Dawson seeks falls under the federal mandamus statute: 28 U.S.C. § 1361, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

It is clear, however, that this Court may not use the federal mandamus statute in the manner that Dawson requests – to compel state officials to act – because

-3-

"[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also, e.g., George v. Harson*, Civ. A. No. 07-1270, 2007 WL 4896419, at *2 (W.D. La. Oct. 17, 2007) ("[T]o the extent that plaintiff seeks to invoke the mandamus jurisdiction of this court, such a claim is likewise subject to dismissal as frivolous.... Judge Duplantier, District Attorney Harson, Assistant District Attorney Edwards and Public Defender Thibodeaux are not officers or employees of the United States. Plaintiff is clearly not entitled to mandamus.").

Accordingly, where a state prisoner requests that a federal court order a state court to act in a certain manner, the federal action is properly dismissed as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 356 (5th Cir. 1997) (per curiam).

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 30, 2018

                                             DAVID L. HORAN
                                             UNITED STATES MAGISTRATE JUDGE