IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TIMMY ANTONIO DAWSON          §
(TDCJ No. 681033),            §
                             §
            Petitioner,       §
                             §
V.                            §          No. 3:18-cv-759-M-BN
                             §
291ST JUDICIAL DISTRICT COURT §
OF DALLAS CO., TEXAS,         §
                             §
            Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this action referred to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from

Chief Judge Barbara M. G. Lynn, Petitioner Timmy A. Dawson, a Texas inmate and

frequent litigant, has filed a second *pro se* Rule 60B Motion Challenging the Integrity

of the State Courts [Dkt. No. 5].

The Court previously construed his first *pro se* Rule 60B Motion Challenging the

Integrity of the State Courts [Dkt. No. 2], requesting that this federal court intervene

in a state proceeding concerning his motion for post-conviction DNA testing, as seeking

unauthorized mandamus relief and thus dismissed this action with prejudice, *see* Dkt.

Nos. 4, 6, & 7.

Through the second Rule 60(b) motion, Dawson requests that this Court "rule

on the state courts integrity." Dkt. No. 5 at 3. For the reasons explained below, this

motion seeks substantive habeas relief. Thus, the Court should construe it as a

successive habeas application and deny it without prejudice to Dawson's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file such an application.

The undersigned further recommends that the Court direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

## Applicable Background

In 1994, Dawson was convicted in state court of murder and was sentenced to 99 years of imprisonment. *See State of Texas v. Timmy A. Dawson*, No. F-94-40449-HU (291st Dist. Ct., Dallas Cty., Tex. May 25, 1994). His conviction and sentence were affirmed on direct appeal. *See Dawson v. State,* No. 05-94-00891-CR, 1998 WL 289774 (Tex. App. – Dallas June 5, 1998, pet. refused).

Dawson filed multiple state applications for writ of habeas corpus. As this Court already has recounted, "[t]he Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed." *Dawson v. Quarterman*, No. 3:06-cv-1190-B, 2006 WL 2724018, at *1 (N.D. Tex. Sept. 20, 2006). This Court denied Dawson's first federal habeas corpus petition on the merits. *See Dawson v. Johnson*, No. 3:99-cv-1984-T, Dkt. Nos. 13, 15, 16 (N.D. Tex. Oct. 19, 2000). And multiple subsequent federal habeas

-2-

petitions were all found to be successive and either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order. Like here, "[w]hen faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion 'should be treated as a second or successive habeas petition [or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *see In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive

habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

Where, like here, a petitioner, through a pleading titled as a motion under Rule 60(b), "alleges several defects in the integrity of various state proceedings" but "does not attack the integrity of his previous federal habeas proceeding," the pleading is properly construed as a habeas petition that is "second or successive." *Crissup v. Stephens*, No. 2:12-CV-272, 2013 WL 4538125, at *2 (S.D. Tex. Aug. 27, 2013) (citations and emphasis omitted).

Because the current motion is actually a successive habeas petition in disguise, Dawson's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing it "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Dawson] should be allowed to file

-4-

the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712,

at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July

28, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127

F.3d 364, 365 (5th Cir. 1997)).

Given Dawson's history of filing unauthorized successive habeas petitions, "a

dismissal without prejudice appears more efficient and better serves the interests of

justice than a transfer in this instance." *King*, 2003 WL 21663712, at *1.

## Recommendation

Because the second *pro se* Rule 60B Motion Challenging the Integrity of the

State Courts [Dkt. No. 5] seeks substantive habeas relief, the Court should construe

it as an unauthorized successive habeas application and deny it without prejudice to

Petitioner Timmy A. Dawson's right to seek authorization from the United States

Court of Appeals for the Fifth Circuit to file a successive habeas application.

The Court also should direct the Clerk of the Court to open for statistical

purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special

Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge

David L. Horan) and to close the same on the basis of any order accepting this

recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE